IN the MATTER OF the BAR ADMISSION OF: Andrew William SORENSEN.

Supreme Court

*No. 93–1329–BA. Submitted on briefs November 30, 1993.—Decided January 10, 1994.*

(Also reported in 509 N.W.2d 285.)

For Andrew W. Sorensen there were briefs by *Andrew W. Sorensen,* Madison.

For the Board of Bar Examiners the cause was submitted on the brief of *Burneatta L. Bridge,* assistant attorney general, with whom on the brief was *James E. Doyle,* attorney general.

PER CURIAM.  *Review of Board of Bar Examiners decision; decision affirmed.*

We review, pursuant to SCR 40.08(5), the decision of the Board of Bar Examiners (Board) declining the request of Mr. Andrew William Sorensen to waive the rule, SCR 40.05(1)(c),[1] requiring an applicant for bar admission to satisfy the corresponding admission requirements of the jurisdiction in which the applicant has practiced and proposes to use that practice to satisfy the legal competence requirement for bar

---

[1] SCR 40.05 provides:

**Legal competence requirement: Proof of practice elsewhere.** (1) An applicant shall satisfy the legal competence requirement by presenting to the clerk certification of the board that the applicant has provided all of the following:

. . .

(c)  If any state, territory or the District of Columbia practice in which is proposed to satisfy the requirement of sub. (b) has, as of the date of the filing of the application, requirements for bar admission in that jurisdiction on the basis of practice in Wisconsin other than those set forth in subs. (a) and (b), proof that the applicant has satisfied those requirements of that state, territory or the District of Columbia.

admission in Wisconsin. As Mr. Sorensen applied for bar admission on the basis of his practice in California and California does not permit bar admission merely on the basis of practice in another jurisdiction but requires all applicants to successfully complete an examination, SCR 40.05(1)(c) does not permit Mr. Sorensen to be admitted without examination. In this review, Mr. Sorensen contended that because he has resumed residence in Wisconsin and has business and family ties to this state and because he is ineligible to qualify for bar admission by examination for the reason that his law degree was conferred by a law school that was not approved by the American Bar Association,[2] he was entitled to a waiver of SCR 40.05(1)(c) and the Board of Bar Examiners' determination not to waive the rule was erroneous.

The court determines that the Board of Bar Examiners properly exercised its discretion when it declined to grant Mr. Sorensen's request for a waiver of the reciprocity provision of the rule on admission by practice. The bar admission rules promulgated by the court authorize the Board to waive certain requirements, including the reciprocity rule, "in exceptional cases and for good cause if failure to waive the requirement would be unjust."[3] The Board did not erroneously exercise its discretion in determining that Mr. Sorensen did

---

[2] SCR 40.04 provides:

**Legal competence requirement: Bar examination.** (1) An applicant who has been awarded a first professional degree in law from a law school that is approved by the American bar association at the time of the applicant's graduation shall satisfy the legal competence requirement by presenting to the clerk certification of the board that the applicant has passed an examination administered by the board covering all or part of the subject matter areas of law specified in SCR 40.03(2)(a).

[3] SCR 40.10 provides:

not present an exceptional case and good cause, nor that the denial of waiver would be unjust. Mr. Sorensen retains the right to seek a waiver of the bar examination admission rule and, if waiver is granted and upon his successful completion of the bar examination, he will be eligible for bar admission in Wisconsin.

Mr. Sorensen, who obtained a law degree in 1977 from the San Joaquin College of Law, a non-ABA-approved law school in California, applied for bar admission in Wisconsin on the basis of his practice in California. After he successfully wrote the California bar examination and was admitted to the California bar in 1977, Mr. Sorensen worked as deputy public defender in Fresno county for four years and then associated with a private law firm in California, where he worked for almost 10 years, five of them as a partner of the firm. He returned to Wisconsin in August, 1991, where he has worked in a family business and has taken criminal appointments from the federal district court.

The Board notified Mr. Sorensen that he was not eligible for admission on practice, giving him the opportunity to withdraw his application and obtain a refund of his application fee. Mr. Sorensen rejected that offer because he believed the Board would waive the reciprocity provision after it considered his circumstances. When the Board notified Mr. Sorensen of its initial decision that it intended not to certify his eligibility for admission, Mr. Sorensen requested reconsideration of that decision and the Board issued its final decision

---

**Waiver of requirements.** Except for the requirements under SCR 40.03, the board may waive any of the requirements of this chapter in exceptional cases and for good cause if failure to waive the requirement would be unjust.

declining to certify his eligibility for admission on practice.

In this review, Mr. Sorensen first argued that, because the reciprocity rule was adopted in response to a perceived problem with non-resident attorneys gaining admission and practicing only occasionally in Wisconsin, his having moved to Wisconsin and his family and business ties here make his an exceptional case warranting waiver of the rule. He contended that the Board had not considered those circumstances in reaching its decision declining his request for waiver.

The Board asserted that it gave Mr. Sorensen's application appropriate consideration and properly determined that his was not distinguishable in any significant aspect from any other applicant's seeking admission on the basis of California practice. The only meaningful distinction Mr. Sorensen established, in the Board's view, was that he had obtained his law degree from a non-ABA-approved law school. That fact, the Board determined, was not a sufficient reason to deem his an exceptional case, one in which denial of waiver would be unjust.

The Board acknowledged that Mr. Sorensen retains the option of seeking a waiver of the rule requiring a law degree from an ABA-approved law school in order to write the Wisconsin bar examination but noted that Mr. Sorensen did not chose to do so but instead relied on his ineligibility to write the Wisconsin bar examination as a reason to justify his admission on the basis of his California practice. The Board contended that granting Mr. Sorensen a waiver on that basis would render the reciprocity rule a nullity, as California does not admit attorneys to its bar solely on the basis of their practice in Wisconsin.

The Board also asserted that granting Mr. Sorensen waiver on the basis of his ineligibility to write the bar examination would afford him preferential treatment over any California attorney with a law degree from an ABA-approved law school, who would not be eligible for admission except by successful completion of the Wisconsin bar examination. The inequity of that result, the Board contended, further supports its decision that Mr. Sorensen's was not an exceptional case or that the failure to waive the reciprocity rule for him would be unjust.

Mr. Sorensen also argued that the retroactive application of the reciprocity rule to his decision in 1973 to attend a non-ABA-approved law school and his on-going decision thereafter to practice in California violates his right to due process. That argument has no merit, as Attorney Sorensen could have sought admission to the Wisconsin bar on the basis of his California practice any time up to 1988, when the reciprocity rule was adopted.

Because Attorney Sorensen has not established that his bar admission application presents an exceptional case and because he retains the option of seeking a waiver and satisfying the legal competence requirement for bar admission on the basis of examination, the decision of the Board of Bar Examiners denying Attorney Sorensen's request for waiver of the reciprocity rule to render him eligible for bar admission in Wisconsin on the basis of his California practice and without examination did not constitute an erroneous exercise of discretion.

IT IS ORDERED that the decision of the Board of Bar Examiners is affirmed.