In the Matter of the Bar Admission of:

Arthur R. Petrie, II, Petitioner,†

v.

The Board of Bar Examiners, Respondent.

Supreme Court

*No. 97–2414–BA. Oral argument March 5, 1998.—Decided March 19, 1998.*

(Also reported in 575 N.W.2d 266.)

†Motion for reconsideration denied May 20, 1998.

For Arthur Robert Petrie, II there was a brief by *Arthur R. Petrie, II*, Aliso Viejo, CA and of counsel *Charles G. Curtis, Jr.* And *Foley & Lardner*, Madison.

For the Board of Bar Examiners the cause was submitted by *Steven E. Tinker*, assistant attorney general, with whom on the brief was *James E. Doyle*, attorney general.

¶ 1. PER CURIAM. Arthur R. Petrie sought review, pursuant to SCR 40.08, of the decision of the Board of Bar Examiners (Board) declining to grant a waiver of the requirement for bar admission on examination that the applicant have been awarded a first professional degree in law from a law school fully or provisionally approved by the American Bar Association (ABA). SCR 40.04(1).[1] The Board has authority,

---

[1] SCR 40.04 provides, in pertinent part:

**Legal competence requirement: Bar examination.**

under SCR 40.10, to waive that requirement "in exceptional cases and for good cause if failure to waive the requirement would be unjust." Mr. Petrie, a graduate of Western State University College of Law in California, a law school that has not been approved by the ABA, contended that his family ties to Wisconsin, his excellent law school academic record, and his willingness to write the Wisconsin bar examination make his an exceptional case and establish good cause for a waiver of the ABA-approved law school graduation requirement for bar admission on examination. The Board determined that Mr. Petrie's circumstances did not constitute grounds under SCR 40.10 for a waiver.

¶ 2. We hold that the Board did not exercise its discretion erroneously in determining that Mr. Petrie did not establish entitlement to waiver of the bar examination admission rule requiring graduation from an ABA-approved law school. Accordingly, we affirm the Board's decision declining to grant a waiver.

¶ 3. In arguing that his circumstances constitute "an exceptional case" and establish "good cause" for a waiver, Mr. Petrie distinguished his case from that presented in *In the Matter of the Bar Admission of Sorensen*, 180 Wis. 2d 496, 509 N.W.2d 285 (1994). There, a California attorney applied for bar admission in Wisconsin under SCR 40.05[2] on the basis of his California practice. That rule provides that an appli-

---

(1) An applicant who has been awarded a first professional degree in law from a law school that is fully or provisionally approved by the American bar association at the time of the applicant's graduation shall satisfy the legal competence requirement by presenting to the clerk certification of the board that the applicant has passed an examination administered by the board covering all or part of the subject matter areas of law specified in S CR 40.03(2)(a).

[2] SCR 40.05 provides, in pertinent part:

cant seeking to use practice in a jurisdiction having requirements for bar admission there on the basis of practice conducted in Wisconsin that are different from those set forth in SCR 40.05(1) must satisfy the requirements of that jurisdiction. Thus, because California requires applicants for bar admission on the basis of law practice to pass a form of its bar examination, Mr. Sorensen was required to pass the Wisconsin examination. Believing that SCR 40.04(1) rendered him ineligible to write the Wisconsin bar examination, as he had graduated from a non-ABA-approved law school, he sought a waiver of the rule, SCR 40.05(1)(c), requiring him to pass the Wisconsin bar examination. We upheld the Board's decision declining to grant Mr. Sorensen a waiver and noted that Mr. Sorensen could seek a waiver of the law school graduation requirement for bar examination admission in order to write the Wisconsin bar examination, upon successful completion of which he would be eligible for admission to the Wisconsin bar. *Id.*, 499.

**Legal competence requirement: Proof of practice elsewhere.**

(1) An applicant shall satisfy the legal competence requirement by presenting to the clerk certification of the board that the applicant has provided all of the following:

(a) Proof of admission to practice law by a court of last resort in any other state or territory or the District of Columbia.

(b) Proof that the applicant has been primarily engaged in the active practice of law in the courts of the United States or another state or territory or the District of Columbia for 3 years within the last 5 years prior to filing application for admission.

(c) If any state, territory or the District of Columbia practice in which is proposed to satisfy the requirement of sub. (b) has, as of the date of the filing of the application, requirements for bar admission in that jurisdiction on the basis of practice in Wisconsin other than those set forth in subs. (a) and (b), proof that the applicant has satisfied those requirements of that state, territory or the District of Columbia.

¶ 4. In this review, Mr. Petrie contended that, unlike Mr. Sorensen, he is not seeking bar admission without examination; on the contrary, he applied for admission on examination under SCR 40.04 and requested a waiver of the law school graduation requirement so that he could qualify. A more significant distinction, however, is that Mr. Sorensen sought bar admission under SCR 40.05 on the basis of his law practice, which is not limited to applicants who have graduated from an ABA-approved law school. Mr. Sorensen apparently believed, incorrectly, that in order to write the Wisconsin bar examination in satisfaction of a California-related requirement incorporated into the admission on law practice rule, he had to meet or obtain a waiver of those requirements applicable to a person seeking admission on the basis of examination. To the extent the language in *Sorensen, supra,* suggests that his understanding was correct, it is hereby withdrawn.

¶ 5. Our bar admission rules provide three ways for an applicant to establish legal competence for bar admission—under the diploma privilege, by bar examination, and by the active practice of law in another jurisdiction for a specified period. While establishing legal competence by successful completion of the bar examination is limited to applicants having a first professional degree in law from an ABA-approved law school, satisfying the legal competence requirement by the practice of law in another jurisdiction is not so limited. It is that practice of law by which the applicant ordinarily satisfies the legal competence requirement, but if the corresponding bar admission rule of the jurisdiction in which that practice occurred requires passing that jurisdiction's bar examination, or a form

of it, in addition to the practice of law for a specified period, the applicant must pass the Wisconsin bar examination. In such a case, the applicant's graduation from an ABA-approved law school is not a condition precedent to writing the Wisconsin examination or, if successful, to admission to the Wisconsin bar under SCR 40.05.

¶ 6. In the instant case, Mr. Petrie contended that absent a waiver of the ABA-approved law school graduation requirement, he is ineligible to write the Wisconsin bar examination and, as a result, will be barred forever from admission to the practice of law in this state. That contention ignores the fact that he can establish eligibility for admission under SCR 40.05 by practicing law in a jurisdiction that does not require law practice admission applicants to pass its bar examination. More importantly, Mr. Petrie can establish eligibility for bar admission on the basis of his California law practice, provided he pass the Wisconsin bar examination. His graduation from a non-ABA-approved law school is not an impediment to his satisfaction of a bar examination requirement incorporated by SCR 40.05(1)(c) for admission on law practice; no waiver of the ABA-approved law school graduation requirement for admission on examination under SCR 40.04 is necessary in order for him to write the Wisconsin bar examination as part of qualifying for admission on practice under SCR 40.05.

¶ 7. IT IS ORDERED that the decision of the Board of Bar Examiners is affirmed.